JONES and BRETT, JJ., concur.

## JONES et al. v. EADS.

No. A-11958. Sept. 23, 1953.

(261 P. 2d 633.)

226

Sid White, Oklahoma City, for petitioners.

Robert O. Bailey, Oklahoma City, for respondent.

JONES, J. This is an original action in habeas corpus wherein the petitioners, Horace S. Jones, Kenneth Fennel, L. G. Bristow, Leonard Bratcher, and W. R. Shinker assert that they are illegally confined and restrained of their liberty by the respondent W. I. Eads, who is town marshal of the town of Nichols Hills, for the alleged violation of a town ordinance. This matter has been twice orally argued before the court. It was first submitted only as to petitioner Horace Jones. After per curiam opinion was rendered denying the writ because petitioner was not in confinement at time petition was filed, petition for rehearing was filed and the opinion was withdrawn. Later, further petition was filed in the same numbered cause, making the other parties Fennel, Bristow, Bratcher, and Shinker, joint petitioners with Jones. The cause was submitted upon a stipulation as to the facts.

Peggy Jones, divorced wife of petitioner Horace Jones, is the owner of lot 12 in block 28 in the town of Nichols Hills. At the time of her divorce from Horace Jones and as a part of the divorce settlement, Horace Jones agreed to construct a duplex apartment house with a three-car garage attached to the house on said above-described property. He filed an application for a building permit with the town clerk of Nichols Hills. The town clerk referred the application to John W. Coyle, president of G. A. Nichols, Inc., for his approval. Mr. Coyle disapproved the application for the reason that it did not correspond to the type of architecture required for that block in the town of Nichols Hills. The town clerk thereupon refused to issue a building permit to Mr. Jones. Thereafter, an amended application was filed with the town clerk for a building permit on said lots in which the petitioner Jones, under his plans submitted with the application, agreed to build a single-car garage attached to the duplex and a two-car garage in the rear of the duplex and wholly detached from it. These plans were approved by Mr. Coyle, and a building permit was issued by the clerk, authorizing the construction of the buildings in accordance with the plans attached to the application. Thereafter, the petitioner Horace Jones and the other petitioners, who were carpenters employed by Mr. Jones to construct the building, chose to ignore the plans which called for building a single-car garage attached to the duplex and commenced the construction of a three-car garage attached to the duplex apartment building. A warrant for the arrest of the petitioners was issued, charging them with constructing a building not in accordance with the permit which was issued, the petitoiners were arrested, this petition was filed for their release, and they were released on their own recognizance pending the determination of this cause.

It appears that the town of Nichols Hills was platted and developed by G. A. Nichols, Inc., that in the warranty deed conveying the above described property there appeared these restrictions:

"The above described lot is restricted to two-story duplex, to cost not less than $7500, the principal exterior material of which shall be of brick, stone, or stucco, or some material satisfactory to first party."

At the time of the dedication of the property involved by G. A. Nichols, Inc., it was provided in the certificate of dedication that "The company hereby reserves the right to pass on and approve the type of architecture of the buildings to be erected on any lot or lots conveyed by this dedication." Thereafter, on March 3, 1936, the town of Nichols Hills adopted an ordinance creating the office of building commissioner, and providing rules and regulations for all persons, firms, or corporations engaged in the business of erecting or constructing buildings; requiring licenses and permits, prescribing fees to be charged, providing penalties for the violation of the ordinance, etc. Thereafter, amendatory ordinances numbered 67 and 76 were adopted, so that the ordinance as it existed at the time of this alleged controversy vested the duties and powers of the building commissioner in the town clerk of Nichols Hills. Nowhere in the ordinance is there set forth a standard prescribing the type of building or any other standards which would govern in the construction of a building on the lot and block in question, but the ordinance merely prescribed "and the building or structure shall comply with the restrictions contained in the plats of Nichols Hills covering lots whereon said building or structure is located."

We were impressed with the argument of counsel for the respondent that the questions involved in this proceeding pertaining to the validity of plat restrictions and building ordinances of the town of Nichols Hills are matters which properly should be settled by civil action where all parties affected could appear and assert their rights. However, the petitioners, at the time of the institution of this action, had been arrested and were restrained of their liberty, and it becomes necessary that we determine whether such restraint is legal. At the time of the second hearing, the writ of habeas corpus was issued and the petitioners were each discharged from custody. At the time this order was made, it was made with the specific reservation that it was without prejudice to the right of the town of Nichols Hills or any person affected to proceed in the civil courts by any remedy available to them for the purpose of determining their respective rights under the ordinances of the town of Nichols Hills and the restrictions set forth in the covenants contained in the various deeds affecting the property in Nichols Hills.

For the reason that we do not desire to make any statement that might affect parties in any civil action which might be instituted, but who are not here represented, we shall not give an extended statement of the issues presented, but merely confine our determination of this cause to a statement that we arrived at the conclusion that the arrests of the petitioners were illegal for the reason that the ordinance which they allegedly violated was so indefinite and uncertain that it could not afford a basis for the arrest and conviction of petitioners for constructing the building in question.

At common law, every real estate proprietor had the right to use and improve his property by the construction and maintenance of buildings and structures thereon, and a municipality had no inherent power to arbitrarily interfere with such rights. 62 C.J.S., Municipal Corporations, § 225.

By statute in Oklahoma, municipal corporations have been vested with authority to enact building ordinances under the provision of said code, which is as follows:

"For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of cities and incorporated villages is hereby

empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes." 11 O.S. 1951 § 401.

A municipality, under this statute, in the exercise of police power, may enact reasonable regulations, not arbitrary, for the promotion of the public health, safety and general welfare of the inhabitants of the municipality. The building ordinance here involved does not by its express terms delegate to G. A. Nichols, Inc., the right to pass upon the applications for building permits, but in the transcript of the testimony attached to the petition herein, the Town Clerk of Nichols Hills testified that he submitted all applications for building permits to John W. Coyle, President of G. A. Nichols, Inc., and that if Mr. Coyle approved the application a permit was issued by him, but if Mr. Coyle disapproved the application, the clerk would refuse to issue the building permit. In our opinion, the ordinance as thus applied was unconstitutional in that it delegated to a layman not connected with the city the sole authority and arbitrary right to control the kind and character of building which might be erected. No standards were prescribed, either by plat restrictions or by town ordinance insofar as the particular property involved was concerned, but the issuance of permit rested solely in the arbitrary discretion of the president of G. A. Nichols, Inc.

The authorities seem to unanimously agree that a municipality may not make a certain use of property, which would be lawful, conditional upon the assent or permission of private persons, such as the owners of neighboring property.

In 37 Am. Jur. § 162, this rule of law is summarized as follows (Page 783):

"The authorities are well agreed on the broad proposition that it is not within the power of a municipal corporation to make a certain use of property which in the absence of legislation would be lawful, but which is of such a character that it might reasonably be regulated or controlled by public authority, conditional upon the assent or permission of private persons such as the owners of neighboring property. In a case where one set of owners determines not only the extent of use but the kind of use which another set of owners may make of their property, the public safety, convenience, or welfare is not served. An exercise of police power is unreasonable where it permits control of the property of one set of private owners by other owners of property. Where an ordinance thus attempts to confer power on some property holders virtually to control and dispose of the property rights of others, and creates no standard by which the power thus given is to be exercised, so that the property holders who desire and have the authority to establish the regulations may do so solely for their own interests, or even capriciously, constitutional limits have been violated. The reasons for holding consent ordinances invalid may be summed up thus: The consent provision is an unlawful delegation of legislative authority and discretion, with no rule or standard to guide those whose decision will control. It is not possible to check or correct the acts of the persons who may or may not consent; consent or refusal may be the result of favoritism, caprice, or malice, and no responsibility can be placed on those who act in the matter."

There being no valid basis for the arrest of petitioner, the writ of habeas corpus is issued and the petitioners are discharged from further confinement.

POWELL, P. J., and BRETT, J., concur.